COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


GOODYEAR TIRE & RUBBER COMPANY
 AND TRAVELERS INDEMNITY COMPANY
 OF ILLINOIS
                                        MEMORANDUM OPINION*
v.   Record No. 1183-98-2                   PER CURIAM
                                         NOVEMBER 10, 1998
RUTH A. WILLIAMS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Martha White Medley; Daniel, Vaughan,
              Medley & Smitherman, on brief), for
              appellants.

              (Peter McIntosh; Michie, Hamlett, Lowry,
              Rasmussen & Tweel, on brief), for appellee.


     Goodyear Tire & Rubber Company and its insurer (hereinafter

referred to as "employer") contend that the Workers' Compensation

Commission ("commission") erred in finding that Ruth A. Williams

("claimant") proved that (1) her right carpal tunnel syndrome and

right hand symptoms were causally related to her November 29,

1995 compensable injury by accident; and (2) the medical

treatment rendered by Dr. Frank C. McCue, III was causally

related to claimant's November 29, 1995 injury by accident.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).  "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In ruling that claimant sustained her burden of proof, the commission found as follows:

> We find the evidence preponderates in proving the claimant's carpal tunnel syndrome is causally related to the industrial accident.  Dr. [Paul] Settle, a family practitioner, said it is not.  We read Dr. [Stephen J.] Leibovic's reports as establishing a causal relationship.  He said on January 9, 1997, that the accident "most likely" lead [sic] to a neuropathy of the median nerve in the carpal tunnel, on March 26, 1997, that if the claimant did not have numbness and tingling before the accident (she testified she did not) then those symptoms were caused by the accident and on January [sic] 31, 1997,[1] that it was "more possible than not" that the accident caused her carpal tunnel.  Dr. McCue's February 29, 1996, "Attending Physician's Statement" said the claimant's right hand injury was caused by the industrial accident.  His May 7, 1996, report is ambiguous, noting that a single injury or repetitive use may cause the problem.
>
> We, as did the Deputy Commissioner, give greater weight to the specialist, Dr.

---

[1]The correct date of Dr. Leibovic's report cited by the commission is July 31, 1997.

Leibovic's opinion.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991). In its role as fact finder, the commission was entitled to weigh the medical evidence and to give greater weight to Dr. Leibovic's opinions. Dr. Leibovic's medical records and opinions, coupled with claimant's testimony that she did not suffer from right hand/wrist symptoms prior to the November 29, 1995 injury by accident, constitute credible evidence to support the commission's decision. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Based upon our holding on the causation issue, we find that the commission did not err in holding employer responsible for Dr. McCue's medical treatment.

For these reasons, we affirm the commission's decision.

Affirmed.